clerk's copy

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RICHARD BALLUFF,

    Plaintiff,

v.

                                    No. CIV-99-1364 JP/LFG

LAWRENCE A. TAFOYA,
THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte. Plaintiff initiated this action by filing a form application for writ of habeas corpus under 28 U.S.C. § 2254. The application complains of conditions of confinement and seeks prospective relief, not including release from custody. This pleading is construed, therefore, as a civil rights complaint and is reviewed under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and is proceeding pro se and in forma pauperis.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under 28 U.S.C. § 1915(e)(2) if the Court is "satisfied that the action is frivolous or malicious." The Court may also dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6) if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards



applicable to pleadings drafted by counsel, but is at the same time mindful that Plaintiff's complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that New Mexico Department of Corrections policies restrict the amount of time inmates may spend in a law library to one hour per week. Plaintiff asserts this is not enough time to do adequate research of his claims. He also claims that Defendants have retaliated against him by denying additional time in the library and requests for copies of library materials. The complaint asks that Defendants be ordered to submit for Court approval a plan for "meaningful access" to the library, including trained personnel.

Plaintiff's allegations against the policies themselves do not support a § 1983 claim because he does not "establish relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996), resulting from officials' actively interfering with his attempts to prepare and file legal documents. *Id.* at 350. The Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.'" *Bounds v. Smith*, 430 U.S. 817, 828 n.17 (1977) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's § 1983 action may not be based on claims of an "abstract, free-standing right to a law library or legal assistance,... [or] that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Lewis*, 518 U.S. at 351. Because the Constitution does not ensure the access requested by Plaintiff, and because Plaintiff does not allege any active interference with his preparation and filing of papers, no relief can be granted on his claim.

Plaintiff also claims that the policies are applied in a discriminatory manner in retaliation for Plaintiff's exercising constitutionally protected activities. The Tenth Circuit has made clear that prison officials may not retaliate against an inmate for exercising the right of access to the courts,

even by taking otherwise permissible action. *Smith v. Maschner*, 899 F.2d 940, 947-48 (10th Cir. 1990). On the other hand, the complaint contains no factual allegations in support of Plaintiff's conclusory assertion that Defendants' conduct is retaliatory. Furthermore, Plaintiff does not identify specific Defendants who have retaliated against him. A pro se complaint may be dismissed when the "complaint lacks any legal or factual specificity which would allow [a court] reasonably to read the pleadings as stating a recognized claim." *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (citing *Hall*, 935 F.2d at 1109-10). Plaintiff will be required to amend his complaint to provide factual support for his retaliation claim and to identify specific Defendants, affirmatively linking them to specific events.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file an amended complaint to provide factual support for his retaliation claim and to identify specific Defendants, affirmatively linking them to specific events; failure to comply with this order may result in dismissal of the complaint; and the Clerk is directed to mail to Plaintiff, together with a copy of this order, two copies of a form §1983 complaint with instructions.

UNITED STATES DISTRICT JUDGE

3